Kathy **RANCOURT;** Sarah Saucier, by and through her mother and guardian, Vera Saucier; and Amber Schwendeman, by and through her mother and guardian, Colleen Schwendeman, all on behalf of themselves and others similarly situated, Plaintiffs

v.

Kevin **CONCANNON,** Commissioner, Maine Department of Human Services, and Lynn Duby, Commissioner, Maine Department of Behavioral and Developmental Services, Defendants

No. CIV. 01–159–BC.

United States District Court, D. Maine.

Nov. 28, 2001.

---

William C. Knowles, Verrill & Dana, Portland, Peter M. Rice, Esq., Augusta, for Kathy Rancourt, Vera Saucier, as Mother and Guardian of Sarah Saucier, Colleen Schwendeman, As Mother and Guardian of Amber Schwendeman, plaintiffs.

Jane B. Gregory, Esq., Andrew S Hagler, Assistant Attorney General, Augusta, for Commissioner, Maine Department of Human Services, Commissioner for Maine Department of Mental Health & Retardation, defendants.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

GENE CARTER, District Judge.

Before the Court for action is Defendants' Motion to Dismiss the Complaint (Docket No. 3). The motion is premised principally upon the proposition put forward by Defendants that 42 U.S.C. § 1983 does not provide to Plaintiffs herein "a private right of action" (read "standing") to achieve redress for the State of Maine's alleged violation of the requirement imposed by the Medicaid Act, 42 U.S.C. § 1396a(a)(8), *see also* 42 C.F.R. § 435.930(a), that medical assistance covered by the Act be "furnished with reasonable promptness to all eligible individuals." Defendants' Motion to Dismiss and Memorandum, Docket No. 3 at 3. The Court has carefully reviewed all written submissions of the parties on the motion and has read many of the cases cited therein. The motion will be **DENIED.**

Defendants' arguments in support of the proposition put forward in the motion, while intellectually intriguing, are a didactic exercise in historical legal formalisms, apparently inspired by the musings of Justice Scalia in his concurring opinion in *Blessing v. Freestone*, 520 U.S. 329, 349, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997), *see* Defendants' Memorandum at 4, that have been rejected in the jurisprudence of this circuit as formulated by the Court of Appeals for the First Circuit and several of the circuit's district courts. *Visiting Nurse Assn. of North Shore, Inc. v. Bullen,* 93 F.3d 997, 1005 (1st Cir.1996) (". . . [w]e conclude that plaintiffs possess standing to enforce the substantive section 1396a(a)(30) [of 42 U.S.C.] requirement that the State adopt 'methods and procedures' which will afford 'equal access' to medical care as defined [therein]"); *see Albiston v. Maine Comm. of Human Servs.,* 7 F.3d 258, 269 (1st Cir.1993) ("We hold that individual AFDC recipients possess standing to bring a private action against the State, under 42 U.S.C. § 1983, to enforce their right to prompt disburse-

ment of their child-support entitlements under Titles IV–A and IV–D of the Social Security Act.").

The luminously clear and structurally precise analytical rationale crafted in those two cases by Judge Cyr for the Court in resolving such issues fits perfectly to the facts of this case, and that analysis, here applied, dictates the same result that it did in those cases: that the private right here challenged exists and that Plaintiffs have standing to sue the State to seek the relief they seek in enforcement of the "reasonable promptness" requirement.

The force of the contrary rationale of *Westside Mothers v. Haveman,* 133 F.Supp.2d 549 (E.D.Mich.2001), on which Defendants here principally rely, putting aside that it is not controlling precedent in this circuit, is further badly depleted by the fact that another case from the same district specifically rejects the *Westside Mothers* rationale. *Markva v. Haveman,* 168 F.Supp.2d 695 (E.D.Mich. 2001).[1] No case has been found adopting its' reasoning on anything like an issue similar to that generated here. I do not find it to be a persuasive authority.

The motion is hereby **DENIED.**

So **ORDERED.**

---

[1]. Its force is further weakened by the fact that other district courts, albeit in unpublished opinions, have also rejected its holding. *Bryson v. Shumway,* Civ. No. 99–558–M, 2001 WL 1326578 (D.N.H., Oct. 23, 2001), *Memisovski v. Patla,* No. 92 C 1982, 2001 WL 1249615 (N.D.Ill., Oct. 17, 2001).